IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PPV CONNECTION, INC.,

Plaintiff

v.

ABRAHAM GARCÍA MERCADO, A/K/A/ ABRAN GARCÍA MERCADO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A AGENCIA HÍPICA 798 - POLLOFONGO; HONEID SAY DONES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BADA BING; ÁNGEL JIMÉNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BALCÓN CAFÉ REST. & SPORT BAR; FRANCISCO ANAVITARTE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR DE PANCHO A/K/A EL MOCAMBO; HUMBERTO FLORES LUNA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR INDIO; JOHN MELÉNDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR SALSA; LUIS PÉREZ TORRES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRA LÓPEZ; ALBERTO TRIA PARAJON, HIS WIFE JANE DOE, AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BLACK JACK SPORT BAR; LUIS BLONDET-MARTÍNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFETERÍA & RESTAURANT THELMA,

Defendants

CIVIL 07-1793 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

CIVIL 07-1793 (JAG)                              2

On August 28, 2007, PPV Connection, Inc., filed an action against a series of defendants. The plaintiff held an exclusive license to distribute for commercial gain the closed-circuit telecast of the June 9, 2007 boxing program between Miguel Cotto and Zabdiel Judah from Madison Square Garden, New York City, New York, including the undercard or preliminary bouts, granted by the sole proprietor of the event. Top Rank, Inc., is the sole proprietary owner of the copyright over the event, which copyright is represented by the certificate of registration issued by the United States Copyright Office. The telecast was not intended for the use of the general public. The defendants are charged with having displayed the Cotto-Judah boxing card at their establishments on the evening of June 9, 2007, without the required authorization from PPVC.

This action arises under 47 U.S.C. § 553 and 47 U.S.C. § 605 (the "Statutes"). Subject matter jurisdiction is proper under 28 U.S.C. § 1391(b).

All defaulted defendants were served with summons and copy of the complaint on different dates. On February 20, 2008, and upon failure of the several defendants to timely file an answer to the complaint or otherwise plead, plaintiff requested that default be entered against them. (Docket No. 20.) On February 25, 2008, the court entered default against ABRAHAM GARCÍA MERCADO A/K/A ABRAN GARCÍA MERCADO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A AGENCIA HÍPICA 798 - POLLOFONGO; HONEID SAY DOENS, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN

CIVIL 07-1793 (JAG)                    3

THEM D/B/A BADA BING; ÁNGEL JIMÉNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BALCÓN CAFÉ REST. & SPORT BAR; FRANCISCO ANAVITARTE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR DE PANCHO A/K/A EL MOCAMBO; HUMBERTO FLORES LUNA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR INDIO; JOHN MELÉNDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR SALSA; LUIS PÉREZ TORRES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRA LÓPEZ; ALBERTO TRIA PARAJON, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BLACK JACK SPORT BAR; LUIS BLONDET MARTÍNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFETERÍA & RESTAURANT THELMA.  Upon motion filed on April 17, 2008, the court ordered and the clerk entered default as to HONEID SAY-DONES, HIS WIFE JANE 7 DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BADA BING. (Docket Nos. 29, 30, 31).

On April 22, 2008, plaintiff filed a motion requesting judgment by default as to the above defendants, accompanied with a memorandum of law in support thereof and exhibits thereto.

The matter was referred to me on May 23, 2008 for the setting of a hearing on damages.  Such an evidentiary hearing was held on June 23, 2008.  At the

CIVIL 07-1793 (JAG)                         4

hearing, Ms. Jennifer Marín, vice president of PPV Connection, stated that she adopted her sworn statement already on file and counsel affirmed the request for appropriate statutory damages. Plaintiff's counsel, Fernando Gierbolini, submitted an unsworn statement where he presented his attorney's fees and litigation costs for this case. The actions of the defendants are clearly willful under 47 U.S.C. §§ 605 and 553 by their wanting to gain financial advantage from the broadcast pay per view event.

Having considered the motion requesting judgment by default, memorandum of law in support thereof, accompanying exhibits, and the testimony of June 23, 2008, as well as the relevant statutory authority on damages, 47 U.S.C. §§ 553 and 605 et seq., I find as follows:

The plaintiff has established through competent evidence, that actual and statutory damages are appropriate as a result of defendants' illegal misappropriation of plaintiff's transmission. The undisputed evidence of record further establishes a clear willful violation of the Communications Act of 1934, as amended, 47 U.S.C. § 553(c)(3)(B) and 47 U.S.C. § 605(e)(3)(C)(ii), for the direct or indirect commercial benefit of the defendants.

In an effort to discourage and punish defendants for the violations, the court should assess, as requested, flat statutory damages in relation to each defendant under 47 U.S.C. § 553(c)(3)(B) and 47 U.S.C. § 605(e)(3)(C)(ii), plus attorney's fees and costs. Those amounts are $50,000 and $100,000, and attorney's fees in the

CIVIL 07-1793 (JAG)                                    5

amount of $12,325. The defaulted defendants should note that upon further violations of the Communications Act, the court could feasibly consider imposing the maximum fine amount of ONE HUNDRED THOUSAND DOLLARS ($100,000) for penalties for willful subsequent offence under 47 U.S.C. § 553(b)(2). In view of the above, it is recommended that the court enter the following findings and judgment.

It is hereby ORDERED and ADJUDGED as follows:

1. This court has personal jurisdiction over the parties and the subject matter herein.

2. The default entered by the United States District Court of Puerto Rico against the defendants ABRAHAM GARCÍA MERCADO A/K/A/ ABRAN GARCÍA MERCADO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A AGENCIA HÍPICA 798 - POLLOFONGO; HONEID SAY DONES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BADA BING; ÁNGEL JIMÉNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BALCÓN CAFÉ REST. & SPORT BAR; FRANCISCO ANAVITARTE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR DE PANCHO A/K/A EL MOCAMBO; HUMBERTO FLORES LUNA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR INDIO; JOHN MELÉNDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN

CIVIL 07-1793 (JAG)                              6

THEM D/B/A BAR SALSA; LUIS PÉREZ TORRES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRA LÓPEZ; ALBERTO TRIA PARAJON, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BLACK JACK SPORT BAR; LUIS BLONDET MARTÍNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFETERÍA & RESTAURANT THELMA, is reaffirmed and plaintiff will recover the amount as detailed below, together with statutory interest thereon from the date of this order of default judgment, for which let execution issue:

a. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B) as a result of defendants committing such acts willfully and for direct or indirect commercial advantage in the amount of $50,000 for each defendant;

b. Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) as a result of defendants committing such acts willfully and for direct or indirect commercial advantage in the amount of $100,000 for each defendant;

c. Attorney's fees in the amount of $12,325 for all defendants.

## JUDGMENT

JUDGMENT is hereby entered in favor of plaintiff PPV Connection, Inc., against defendants, ABRAHAM GARCÍA MERCADO A/K/A/ ABRAN GARCÍA MERCADO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A AGENCIA HÍPICA 798 - POLLOFONGO; HONEID SAY DONES, HIS WIFE

CIVIL 07-1793 (JAG)                    7

JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BADA BING; ÁNGEL JIMÉNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BALCÓN CAFÉ REST. & SPORT BAR; FRANCISCO ANAVITARTE, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR DE PANCHO A/K/A EL MOCAMBO; HUMBERTO FLORES LUNA, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR INDIO; JOHN MELÉNDEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BAR SALSA; LUIS PÉREZ TORRES, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BARRA LÓPEZ; ALBERTO TRIA PARAJON, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A BLACK JACK SPORT BAR; LUIS BLONDET MARTÍNEZ, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM D/B/A CAFETERÍA & RESTAURANT THELMA, as follows:

    1) Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B) in the amount of $50,000 as to each defendant;

    2) Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) in the amount of $100,000 as to each defendant;

    3) Attorney's fees in the amount of $12,325 and costs in the amount of $1,895, for a total of $14,220.

CIVIL 07-1793 (JAG)                              8

Therefore judgment hereby enters in favor of plaintiff and against each captioned defendant in the amount of ONE HUNDRED AND SIXTY-FOUR THOUSAND TWO HUNDRED AND TWENTY DOLLARS ($164,220).

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

In San Juan, Puerto Rico, this 7th day of July, 2008.

                                                  S/ JUSTO ARENAS
                                    Chief United States Magistrate Judge